FRISBIE BROTHERS, Appellants, v. EDWIN BECK, Appellee.

**TRESPASS:** Burden of Proof. In an action to enjoin a trespass, plaintiff meets his burden of proof by showing his possession under a lease from the owner. Defendant then has the burden legally to justify *his* possession, i. e., by showing that plaintiff had leased to him.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 26, 1920.

SUIT in equity to enjoin the defendant from trespassing upon plaintiffs' property, and especially from cutting a certain second crop of clover hay, then growing upon said premises. A temporary injunction was issued, and thereafter a trial was had on the merits. The trial court dismissed the plaintiffs' petition, and they appeal.—*Reversed.*

*Claud M. Smith,* for appellants.

*Molyneux & Maher,* for appellee.

EVANS, J.—The plaintiffs are two brothers, who were jointly engaged in farming, as tenants, upon a farm of 140 acres. The farm included 27½ acres of tame hay growing thereon in the season of 1919. It is undisputed that the hay then standing upon this piece of ground was disposed of to the defendant, Beck, who entered upon the ground two or three days later, and harvested the same. Thereafter, a valuable second crop of clover grew upon the same ground; and in September, the defendant, Beck, entered upon the ground, to cut and appropriate such second crop. This was the occasion for the injunction. The dispute between

the parties arises over the terms of their oral contract. The conversation between them in the making of the contract was brief and informal, and was conducted on behalf of plaintiffs by one of them. The plaintiffs' version of the contract is that they simply sold to the defendant the hay then standing upon the ground. The defendant's version is that he *rented* the land. Each party has testified unequivocally in support of his own version. Though the issue thus made between the parties was one at law, it was tried in equity, in connection with the right to an injunction. The case is, therefore, triable *de novo* here, and we cannot avoid the responsibility of passing upon the facts in the light of the evidence. Without dispute, the plaintiffs were in possession of the farm under a written lease. The burden, therefore, was on the defendant, to justify his alleged possession and to prove his alleged right thereto. We cannot, therefore, sustain appellee's contention that the burden was upon the plaintiffs in this respect. The burden was on the plaintiffs to sustain their right to an injunction. This burden was met by a showing of their possession under lease. This right of possession was entirely consistent with the permission or license to the defendant to enter upon the land, for the purpose of cutting and stacking his hay thereon, and to take and temporarily leave upon the land the implements for such purpose. We infer that the trial court must have disposed of the case on the theory that plaintiffs had the burden at this point.

Upon a separate reading of the evidence, we have all readily reached the same conclusion, that the real weight of the evidence is clearly with the plaintiffs, and not with the defendant. The version of the plaintiffs appears to us as the more natural, reasonable, probable, and, therefore, the more credible. No explanation is given by defendant as to why he should *rent* the land, rather than buy the standing hay. There was no time or term fixed for his alleged oral lease, nor were any conditions of any kind stipulated therein. He knew that the plaintiffs were themselves renters of the land. He did not know and did not inquire

whether they had a right to sublet the same or not. It is an undisputed fact that they did not have such right. On the contrary, their lease expressly forbade it, under penalty of forfeiture of the lease. This fact of itself renders it improbable that the plaintiffs would have been likely to rent the land to the defendant, when there was so little occasion or pressure for their doing so. The defendant's direct testimony as to the oral contract was as follows:

"Well, I says, 'I will give you $14 an acre rent for it.' And he said 'No,' he said, 'it isn't money enough.' He said he didn't have any hay tools, and didn't expect to be there another year; and before he left, he said he would take $14 an acre rent for it."

On cross-examination, he testified as follows:

"All that I wanted of that land up there was the hay. I was willing to cut it and harvest it, if I could make a proper deal for the hay. I had no other use for the land. The hay is all I was after. I can't tell you why I rented the land, instead of buying the hay. The hay is all I wanted. Well, I rented the land. I am 22 years old, lived here all my life, and knew that Frisbies were tenants of the land. We didn't say a word about first or second crop, when I was first up there. I just wanted to rent the land, and they said they wanted $900 rent for it. They didn't say they wanted $900 for the hay."

The difference between his testimony and that of the plaintiffs consists in the use of the word "rent." Its use in this connection by the defendant impresses us as somewhat forced. Taking the brief testimony of the contending parties, in the light of all the circumstances surrounding them, we are fully agreed that the clear weight of the circumstances was with the plaintiffs. We are constrained, therefore, to order a reversal of the judgment entered below, and to order decree for the plaintiffs.—*Reversed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.